# EXHIBIT A



# Notice of Service of Process

SOP / ALL
Transmittal Number: 19005141
Date Processed: 11/26/2018

| | |
|---|---|
| **Primary Contact:** | Bruce Buttaro<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02116 |
| **Entity:** | Liberty Mutual Insurance Company<br>Entity ID Number  1765547 |
| **Entity Served:** | Liberty Mutual Insurance Company |
| **Title of Action:** | Nextgen Pain Associates & Rehab, and Nextgen Diagnostics, ( as Assignees of Nada Taleb) vs. Liberty Mutual Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Oakland County Circuit Court, MI |
| **Case/Reference No:** | 2018-168218-NF |
| **Jurisdiction Served:** | Michigan |
| **Date Served on CSC:** | 11/26/2018 |
| **Answer or Appearance Due:** | 28 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Joshua D. Hammons<br>313-406-7606 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |

| STATE OF MICHIGAN<br>6th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>2018-168218-NF<br>2018- -NF<br>JUDGE MICHAEL WARREN |

Court address: 1200 N Telegraph Rd, Pontiac, MI 48340

Court telephone no.: (248) 858-0344

**Plaintiff's name(s), address(es), and telephone no(s).**
NextGen Pain Associates & Rehabilitation, and NextGen Diagnostics,
(as Assignee of Nada Taleb),

v

**Defendant's name(s), address(es), and telephone no(s).**
Liberty Mutual Insurance Company
RA: CSC Lawyer Incorporating Service Company
601 Abbot Road
East Lansing, MI 48823

**Plaintiff's attorney, bar no., address, and telephone no.**
AT LAW GROUP
Joshua D. Hammons (P78510)
3 Parklane Blvd, West Tower, Suite 1500
Dearborn, MI 48126
(313) 406-7606 (Office)

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/Pages/efiling.

**SUMMONS NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| 9/4/2018 | 12/4/2018 | Lisa Brown |

**Family Division Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)
☐ This case involves a minor who is under the continuing jurisdiction of another Michigan court. The name of the court, file number, and details are on page _____ of the attached complaint.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |

**Civil Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Oakland County | Defendant(s) residence (include city, township, or village)<br>Oakland County |
| Place where action arose or business conducted<br>Oakland County | |

Date: September 3, 2018

/s/ Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (6/17) SUMMONS AND COMPLAINT MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

FILED Received for Filing Oakland County Clerk 9/4/2018 8:00 AM

OFN: AT300.26 (Nada Taleb)

## STATE OF MICHIGAN
### IN THE 6TH CIRCUIT COURT FOR THE COUNTY OF OAKLAND

NEXTGEN PAIN ASSOCIATES & REHAB, and
NEXTGEN DIAGNOSTICS,
(as Assignees of Nada Taleb)

2018-168218-NF

JUDGE MICHAEL WARREN

Plaintiff,

Case No: 18-          -NF

v

LIBERTY MUTUAL INSURANCE COMPANY,

Defendant.

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/Pages/efiling.

_____/

**AT LAW GROUP**
By: Joshua D. Hammons (P78510)
Attorneys for Plaintiff
3 Parklane Blvd., West Tower, Suite 1500
Dearborn, MI 48126
(313) 406-7606 (Office)
(734) 363-3165 (Direct)
jh@Atlawgroup.com
_____/

## COMPLAINT

*A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in Oakland County Circuit Court. The action is no longer pending. The case was assigned to Honorable Warren with Case No. 2017-160547-NF.*

Plaintiffs, NextGen Pain Associates & Rehab, and NextGen Diagnostics by its attorneys, AT Law Group, states its complaint as follows:

### JURISDICTION AND VENUE ALLEGATIONS

1. Plaintiffs are medical providers with a principal places of businesses located in the City of Dearborn, Wayne County, Michigan.

FILED Received for Filing Oakland County Clerk 9/4/2018 8:00 AM

2. Plaintiffs carry on a continuous and systematic portion of its general business in the City of Dearborn, Wayne County, State of Michigan.

3. Defendant is a foreign corporation authorized to conduct business in the State of Michigan.

4. Defendant conducts a regular and systematic part of its general business in the Oakland County, Michigan.

5. The amount in controversy is greater than Twenty-Five Thousand Dollars ($25,000), exclusive of interest, costs, and attorney fees.

## GENERAL ALLEGATIONS

6. On or about a currently unconfirmed date, Nada Taleb (hereinafter *"patient"*) sustained accidental bodily injuries arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle.

7. Plaintiff provided the *patient* with medical products, services, or accommodations (hereinafter referred to as *"medical treatment"*) for injuries arising out of the motor vehicle accident. **(See medical invoice, attached as Exhibit A).**

8. The patient, Nada Taleb, executed and assigned to Plaintiff her rights to performance by the Defendant for payment of the medical expenses she incurred. **(See assignment, attached as Exhibit B).**

9. The *medical treatment* plaintiff provided the *patient* was reasonably necessary for the *patient's* care, recovery, or rehabilitation.

10. At the date and time of the motor vehicle accident, the *patient* was covered by a contract of Michigan No-Fault insurance issued by defendant, providing coverage described at MCL 500.3100 *et seq.* Said insurance contract is in the possession of the

FILED   Received for Filing   Oakland County Clerk   9/4/2018 8:00 AM

defendant and is inaccessible to the plaintiff at this time.

11. On information and belief, the patient, personally or through someone acting on her behalf, notified defendant of the name and address of the claimant and, in ordinary language, the name of the *patient* injured and the time, place and nature of her injury, all in compliance with MCL § 500.3145. Defendant assigned a identification number to the *patient*: currently unconfirmed.

12. Based on the notice described above and the identification number assigned to the *patient*, the defendant is able to determine or find for the *patient*:

   A. Its entire claim file;

   B. The date and time of the motor vehicle accident;

   C. The date it received notice of the motor vehicle accident and the information received;

   D. Whether it paid any claim relating to the motor vehicle accident;

   E. The date of any such payment;

   F. The proof it received relating to medical treatment provided by plaintiff and the date received;

   G. Plaintiff's charges for medical treatment and the date received.

13. The plaintiff charged a reasonable amount for the *medical treatment* for the *patient*. The charges are set forth in Exhibit A and the amount owing is accurate as of December 31, 2017.

14. The plaintiff charged for the *medical treatment* an amount that did not exceed the amount the plaintiff customarily charges for *medical treatment* of uninsured patients.

15. Plaintiff and the *patient* have provided defendant with reasonable proof of the fact and

3

of the amount of loss sustained by the *patient*.

16. Said proof was provided more than 30 days ago.

## Count I

### VIOLATION OF STATUTORY DUTY, MCL 500.3100 ET SEQ BY WAY OF ASSIGNMENT BY PATIENT

17. Plaintiff has obtained an assignment from the patient for his rights to performance by Defendant. (**Exhibit B**).

18. The patient was entitled to pursue a direct cause of action for payment of the *medical treatment* pursuant to MCL 500.3112 *et seq*.

19. Generally, all legitimate causes of action are assignable. *Riley v Ameritech*, 147 F. Supp 2d (ED Mich 2001, applying Michigan law).

20. An assignee stands in the position of the assignor and possesses the same rights and is subject to the same defenses. *Burkhardt*, 260 Mich App at 652–653

21. "Keeping in mind our duty to discern and effectuate the intent of the Legislature, we believe that if the Legislature had intended to prohibit the assignment of all rights, it would not have included the word "future" in the language of the statute. The Legislature is presumed to have intended the meaning that a statute plainly expresses." *Professional Rehab Assoc v State Farm Mut Auto Ins Co*, 228 Mich App 167; 577 NW2d 909 (1998) citing *Institute in Basic Life Principles, Inc. v. Watersmeet Twp. (After Remand)*, 217 Mich App 7, 12, 551 N.W.2d 199 (1996).

22. All statutory conditions precedent to defendant's duty to pay plaintiff the charges for the *medical treatment* of the *patient* have been satisfied. MCL 500.3100 *et seq*.

23. Defendant has failed to pay plaintiff the amounts specified in Exhibit A, in violation of

FILED   Received for Filing   Oakland County Clerk   9/4/2018 8:00 AM

4

its statutory duty.

24. Defendant's failure to pay has caused plaintiff to suffer damages, as set forth below.

## COUNT II

## DECLARATORY RELIEF

25. Plaintiff seeks a declaration that defendant is the insurer responsible for the payment of Michigan No-Fault insurance benefits on behalf of the *patient* for her motor vehicle accident.

## COUNT III

## ATTORNEY FEES

26. Defendant has unreasonably refused to pay plaintiff the charges for *medical treatment* for the *patient*.

27. Defendant intentionally refused to process the claims set forth above in violation of statutory and contractual duties, which is unreasonable.

28. Defendant decided to deny plaintiff's claims without reviewing the proof in support of the claim, which is unreasonable.

29. Plaintiff or others submitted reasonable proof of the fact and amount of the loss for the *patient* and more than thirty days have passed without payment. Therefore the benefits are overdue.

30. Therefore, plaintiff, through its attorney, is entitled to a reasonable attorney fee for attorney services rendered in advising and representing plaintiff before, and in, this action. MCL 500.3148.

## COUNT IV

### STATUTORY INTEREST

31. Benefits are overdue if not paid within thirty days after reasonable proof of the fact and amount of the loss has been provided to the insurance company.

32. Plaintiff or others submitted reasonable proof of the fact and amount of the loss for the *patient* and more than thirty days have passed without payment. Therefore the benefits are overdue.

33. Plaintiff is entitled to 12% interest *per annum* on all overdue benefits. MCL 500.3142.

### DAMAGES

34. Defendant's violations of law and breaches of contractual duty have caused plaintiff to suffer damages as follows:

    A. Loss of the principal amount owing by law and contract, $148,430.16 as to NextGen Associates & Rehab only;

    B. Loss of the principal amount owing by law and contract, $3,200.00 as to NextGen Diagnostics only;

    C. Attorney fees and costs in bringing this action;

    D. Loss of statutory interest owing;

### RELIEF REQUESTED

35. WHEREFORE, plaintiff demands judgment as follows:

    A. Loss of the principal amount owing by law and contract, $148,430.16 as to NextGen Associates & Rehab only;

    B. Loss of the principal amount owing by law and contract, $3,200.00 as to NextGen Diagnostics only;

6

C.  A declaration that defendant is the insurer responsible for the payment of Michigan No-Fault insurance benefits on behalf of the *patient* for her motor vehicle accident.

D.  Reasonable fees to be decided by the court for attorney services rendered in advising and representing plaintiff before, and in, this action. MCL 500.3148.

E.  Statutory interest at the rate of 12% *per annum* on all overdue payments. MCL 500.3142;

Respectfully submitted,

/s/ **Joshua D. Hammons**

Joshua D. Hammons (P78510)
Attorney for Plaintiff

Dated: September 3, 2018

FILED   Received for Filing   Oakland County Clerk   9/4/2018 8:00 AM

# EXHIBIT A

NextGen Pain Assoc and Rehab
# Patient Account Ledger
As of August 23, 2018
Sorted By: Case
Show all data where the Case Number is between 77,77

| Entry | Date | POS | Description | Case | Procedure | Document | Provider | Amount |
|---|---|---|---|---|---|---|---|---|
| TALNA000 | Nada Taleb | | | | | | | |
| | Last Payment: -186.70 | | On: 8/29/2017 | | | | | |
| 419 | 04/25/2017 | 11 | | 77 | 99204 | 1706100000 | HLH | 500.00 |
| 354 | 05/05/2017 | 24 | | 77 | 62321 | 1706090000 | TJM | 3,000.00 |
| 355 | 05/05/2017 | 24 | | 77 | J1030 | 1706090000 | TJM | 10.00 |
| 356 | 05/05/2017 | 24 | | 77 | J2001 | 1706090000 | TJM | 35.00 |
| 299 | 05/19/2017 | 24 | | 77 | 62321 | 1706090000 | TJM | 3,000.00 |
| 300 | 05/19/2017 | 24 | | 77 | J1100 | 1706090000 | TJM | 200.00 |
| 686 | 05/24/2017 | 11 | | 77 | 99204 | 1707140000 | JG | 500.00 |
| 577 | 05/31/2017 | 24 | | 77 | 62323 | 1706230000 | JG | 2,800.00 |
| 514 | 06/05/2017 | 11 | | 77 | 99204 | 1706140000 | AJS | 500.00 |
| 554 | 06/07/2017 | 11 | | 77 | E0761 | 1706200000 | JG | 4,250.00 |
| 555 | 06/07/2017 | 11 | | 77 | A9900 | 1706200000 | JG | 6,750.00 |
| 504 | 06/09/2017 | 24 | | 77 | 29877 | 1706140000 | AJS | 6,200.00 |
| 505 | 06/09/2017 | 24 | | 77 | 29999 | 1706140000 | AJS | 9,800.00 |
| 582 | 06/16/2017 | 11 | | 77 | 99214 | 1706250000 | MD | 350.00 |
| 633 | 06/26/2017 | 11 | | 77 | 99024 | 1707130000 | AJS | 0.00 |
| 825 | 06/30/2017 | 24 | | 77 | 22551 | 1707260000 | MD | 22,600.00 |
| 826 | 06/30/2017 | 24 | | 77 | 22552 | 1707260000 | MD | 5,800.00 |
| 827 | 06/30/2017 | 24 | | 77 | 22853 | 1707260000 | MD | 7,200.00 |
| 828 | 06/30/2017 | 24 | | 77 | 22853 | 1707260000 | MD | 7,200.00 |
| 829 | 06/30/2017 | 24 | | 77 | 22845 | 1707260000 | MD | 11,000.00 |
| 830 | 06/30/2017 | 24 | | 77 | 20936 | 1707260000 | MD | 6,000.00 |
| 831 | 06/30/2017 | 24 | | 77 | 76001 | 1707260000 | MD | 1,500.00 |
| 762 | 07/19/2017 | | #15156191 SAFECO | 77 | INSPAY | 1706100000 | HLH | -295.75 |
| 763 | 07/19/2017 | | #15156191 SAFECO | 77 | INSPAY | 1706100000 | HLH | -0.01 |
| 764 | 07/19/2017 | | #15156190 SAFECO | 77 | INSPAY | 1706090000 | TJM | -1,330.44 |
| 765 | 07/19/2017 | | #15156186 PIONEER STATE I | 77 | INSPAY | 1706140000 | AJS | -99.06 |
| 766 | 07/19/2017 | | #15156184 SAFECO | 77 | INSPAY | 1706090000 | TJM | -1,316.34 |
| 767 | 07/19/2017 | | #15156181 SAFECO | 77 | INSPAY | 1706230000 | JG | -1,232.54 |
| 1735 | 07/21/2017 | 11 | | 77 | 99213 | 1710240000 | JLM | 300.00 |
| 1736 | 07/21/2017 | 11 | | 77 | 80306 | 1710240000 | JLM | 1,404.00 |
| 852 | 08/01/2017 | | #15212435 SAFECO | 77 | INSPAY | 1706200000 | JG | -3,863.64 |
| 853 | 08/01/2017 | | Adjustment | 77 | INSADJ | 1706200000 | JG | -386.36 |
| 854 | 08/01/2017 | | #15212435 SAFECO | 77 | INSPAY | 1706200000 | JG | -6,136.36 |
| 855 | 08/01/2017 | | Adjustment | 77 | INSADJ | 1706200000 | JG | -613.64 |
| 1098 | 08/07/2017 | 11 | | 77 | 99214 | 1708280000 | AJS | 350.00 |
| 1130 | 08/11/2017 | 24 | | 77 | 29881 | 1708310000 | AJS | 8,100.00 |
| 1131 | 08/11/2017 | 24 | | 77 | 29879 | 1708310000 | AJS | 11,000.00 |
| 1350 | 08/17/2017 | 11 | | 77 | 99213 | 1709280000 | BK | 300.00 |
| 1351 | 08/17/2017 | 11 | | 77 | 80306 | 1709280000 | BK | 1,404.00 |
| 1107 | 08/29/2017 | | #15361703 SAFECO | 77 | INSPAY | 1707140000 | JG | -186.70 |
| 1352 | 09/14/2017 | 11 | | 77 | 99213 | 1709280000 | BK | 300.00 |
| 1353 | 09/14/2017 | 11 | | 77 | 80306 | 1709280000 | BK | 1,404.00 |
| 1226 | 09/22/2017 | 24 | | 77 | 29826 | 1709270000 | AJS | 9,400.00 |
| 1227 | 09/22/2017 | 24 | | 77 | 29824 | 1709270000 | AJS | 8,100.00 |
| 1228 | 09/22/2017 | 24 | | 77 | 29823 | 1709270000 | AJS | 11,000.00 |
| 1229 | 09/22/2017 | 24 | | 77 | 29821 | 1709270000 | AJS | 8,700.00 |
| 4213 | 10/02/2017 | 11 | | 77 | 99024 | 1802010000 | AJS | 0.00 |
| 2108 | 10/18/2017 | 11 | | 77 | 99213 | 1711190000 | HG | 300.00 |
| 2109 | 10/18/2017 | 11 | | 77 | 80306 | 1711190000 | HG | 1,404.00 |
| 1895 | 11/03/2017 | 11 | | 77 | 99213 | 1711080000 | MD | 300.00 |
| 2394 | 11/09/2017 | 11 | | 77 | 99213 | 1712020000 | HG | 300.00 |
| 2395 | 11/09/2017 | 11 | | 77 | E0190 | 1712020000 | HG | 330.00 |
| 2908 | 12/07/2017 | 11 | | 77 | 99213 | 1712210000 | HG | 300.00 |

Printed on 08/23/2018 2:13 pm                                                                                                    Page 1

FILED  Received for Filing  Oakland County Clerk  9/4/2018 8:00 AM

**NextGen Pain Assoc and Rehab**

# Patient Account Ledger

As of August 23, 2018
Sorted By: Case
Show all data where the Case Number is between 77,77

| Entry | Date | POS | Description | Case | Procedure | Document | Provider | Amount |
|---|---|---|---|---|---|---|---|---|
| TALNA000 | Nada | Taleb | | | | | | |
| | | Last Payment: -186.70 | On: 8/29/2017 | | | | | |
| | | | | | | | Patient Total: | 148,430.16 |
| | | | | | | | Ledger Total: | $148,430.16 |

FILED  Received for Filing  Oakland County Clerk  9/4/2018 8:00 AM

## Nextgen Diagnostics LLC
PO BOX 1783
Dearborn, MI 48120
(313)528-0181

Page: 1

9/15/2017

**Patient:** Nada Taleb
25581 Ridgeway St
Dearborn Heights, MI 48127

**Chart #:** TALNA000
**Case #:** 28

**Instructions:**
Complete the patient information portion of your insurance claim form. Attach this bill, signed and dated, and all other bills pertaining to the claim. If you have a deductible policy, hold your claim forms until you have met your deductible. Mail directly to your insurance carrier.

| Date | Description | Procedure | Modifier | Dx 1 | Dx 2 | Dx 3 | Dx 4 | Units | Charge |
|---|---|---|---|---|---|---|---|---|---|
| 4/27/2017 | Needle EMG; Complex | 95886 | | M54.5 | M54.16 | M51.26 | | 2 | 1,200.00 |
| 4/27/2017 | NRV CNDJ Test; 7-8 Nerves | 95910 | | M54.5 | M54.16 | M51.26 | | 1 | 2,000.00 |

**Provider Information**
Provider Name: Hamad L. Houwari MD
License:
Commercial PIN:
SSN or EIN: 815292953

| | |
|---|---|
| Total Charges: | $ 3200.00 |
| Total Payments: | $ 0.00 |
| Total Adjustments: | $ 0.00 |
| Total Due This Visit: | $ 3200.00 |
| Total Account Balance: | $ 3,200.00 |

**Assign and Release:** I hereby authorize payment of medical benefits to this physician for the services described above. I also authorize the release of any information necessary to process this claim.

Patient Signature: _____    Date: _____

FILED   Received for Filing   Oakland County Clerk   9/4/2018 8:00 AM

FILED Received for Filing Oakland County Clerk 9/4/2018 8:00 AM

# EXHIBIT B

Case 2:18-cv-13941-VAR-MKM   ECF No. 1-2   filed 12/18/18   PageID.25   Page 16 of 19

FILED   Received for Filing   Oakland County Clerk   9/4/2018 8:00 AM

**NextGen Pain Associates and Rehabilitation, LLC**
13530 Michigan Avenue, Ste 310
Dearborn, MI 48126

## ASSIGNMENT OF RIGHTS

Patient Name __Nada Taleb__ ("Assignor")

Medical Provider _____ ("Assignee")

Assignor acknowledges that he/she has received treatment, products, services and/or accommodations (collectively the "Services") from Assignee and that Assignor has incurred charges for such Services.

For valuable consideration as set forth herein, Assignor hereby certifies that upon execution of this agreement, Assignor has incurred charges with respect to Services from Assignee on or before the date of execution for which the rights, privileges, claims and remedies for payment for each of those Services are hereby assigned to Assignee.

Assignor understands this Assignment is effective and irrevocable (subject to the termination provision below), as of today's date, and in furtherance of the Assignment, Assignor acknowledges the following:

This is an assignment of the right to enforce payment of charges incurred for Services, for which charges are payable under any policy of insurance, contract, legal claim and/or statute. Such assignment shall include, in Assignee's sole discretion, the right to appeal a payment denial under any procedure outlined in any insurance policy, contract or statute and/or the right to file suit to enforce the payment of benefits due or past due for the Services incurred and resulting charges.

For all purposes of enforcement of this Assignment, Assignee or its agent is designated as my attorney in fact with respect to any action taken in pursuit of payment for Services provided by Assignee. In the event Assignee files suit to enforce payment of benefits due or past due for the Services, Assignor consents that such suit may be pursued solely in Assignor's name or by Assignee on behalf of Assignor, as Assignee's sole discretion. Assignor further agrees to cooperate and assist Assignee to enforce the payment of benefits and authorizes Assignee to speak with Assignor's attorneys and representatives regarding any and all aspects of such legal claims.

Assignor and Assignee agree that as consideration for this assignment, Assignee assumes the burden, otherwise born by the Assignor, to pursue payment for Services rendered by the Assignee, from the insurance company or entity responsible to pay for such Services. This may include Assignee doing some or all of the following: (1) submitting its bills directly to the insurance company or entity; (2) pursuing the insurance company or entity which is responsible to pay Assignee's bills for payment of Assignee's bills; (3) incurring any expense associated with pursuing payment of Assignee's bills, (4) hiring or retaining the services of an attorney or collection agency to pursue payment of Assignee's bills.

To the extent that Assignor or his representatives receive any award by judgment, settlement, arbitration or otherwise, pertaining to or comprising any portion of the Services, Assignor consents to assign such portion of such award to Assignee until Assignee has received payment for the Services. Assignor further acknowledges and agrees that this agreement shall, for all purposes, constitute a lien on any such award in favor of Assignor

and Assignee is authorized to prov... notice of this assignment to any party who may receive such an award in favor of Assignor pertaining to or comprising any portion of the Services.

This assignment shall not reduce, diminish or impair Assignor's obligation to pay Assignee for the Services and Assignee acknowledges that, at any time hereto, Assignee may pursue Assignor directly for payment for the Services irrespective of this assignment.

This assignment shall be irrevocable unless terminated by mutual agreement of Assignee and Assignor in writing.

Assignor and Assignee agree that in the event any terms or provisions of this agreement are declared invalid or unenforceable by any Court or Federal or State Government Agency having jurisdiction over the subject matter of this agreement, the remaining terms and provisions that are not affected thereby shall remain in full force and effect.

Patient Signature _____ ("Assignor")

Date 12/7/17

FILED   Received for Filing   Oakland County Clerk   9/4/2018 8:00 AM

FILED Received for Filing Oakland County Clerk 9/4/2018 8:00 AM

NextGen Diagnostics
13530 Michigan Avenue, Ste 310
Dearborn, MI 48126

## ASSIGNMENT OF RIGHTS

Patient Name  Nada Taleb  ("Assignor")

Medical Provider  DR. Houwari  ("Assignee")

Assignor acknowledges that he/she has received treatment, products, services and/or accommodations (collectively the "Services) from Assignee and that Assignor has incurred charges for such services.

For valuable consideration as set forth herein, Assignor hereby certifies that upon execution of this agreement, Assignor has incurred charges with respect to Services from Assignee on or before the date of execution for which the rights, privileges, claims and remedies for payment for each of those Services are hereby assigned to Assignee.

Assignor understands this Assignment is in effective and irrevocable (subject to the termination provision below), as of today's date, and in furtherance of the Assignment, Assignor acknowledges the following:

This is an assignment of the right to enforce payment of charges incurred for Services, for which charges are payable under any policy of insurance, contract, legal claim and/or statute. Such assignment shall include, in Assignee's sole discretion, the right to appeal a payment denial under any procedure outlined in any insurance policy, contract or statute and/or the right to file suit to enforce the payment of benefits due or past due for the Services incurred and resulting charges.

For all purposes of enforcement of this Assignment, Assignee or its agent is designated as my attorney in fact with respect to any action taken in pursuit of payment for Services provided by Assignee. In the event Assignee files suit to enforce payment of benefits due or past due for the Services, Assignor consents that such suit may be pursued solely in Assignors name or by Assignee on behalf of Assignor, as Assignee's sole discretion. Assignor further agrees to cooperate and assist Assignee to enforce the payment of benefits and authorizes Assignee to speak with Assignor's attorneys and representatives regarding any and all aspects of such legal claims.

Assignor and Assignee agree that as consideration for this assignment, Assignee assumes the burden, otherwise born by the Assignor, to pursue payment for Services rendered by the Assignee, from the insurance company or entity responsible to pay for such Services. This may include Assignee doing some r all of the following: (1) submitting its bills directly to the insurance company or entity; (2) pursuing the insurance company or entity which is responsible to pay Assignee's bills for payment of Assignee's bills; (3) incurring any expense associated with pursuing payment of Assignee's bills, (4) hiring or retaining the services of an attorney or collection agency to pursue payment of Assignee's bills.

To the extent that Assignor or his representatives receive any award by judgement, settlement, arbitration or otherwise pertaining to or comprising any portion of the Services, Assignor consents to assign such portion of such award to Assignee until Assignee has received payment for the Services. Assignor further acknowledges and agrees that this agreement shall, for all purposes, constitute as a lien on any such award in favor of the Assignor and Assignee is authorized to provide notice of this assignment to any party who may receive such an award in favor of the Assignor pertaining to or comprising any portion of the Services.

This assignment shall not reduce, diminish or impair Assignor's obligation to pay Assignee for the Services and Assignee acknowledges that, at any time hereto, Assignee may pursue Assignor directly for payment for the Services irrespective of this agreement.

This assignment shall be irrevocable unless terminated by mutual agreement of Assignee and Assignor in writing.

Assignor and Assignee agree that in the event any terms or provisions of this agreement are declared invalid or unenforceable by any Court of Federal or State Government Agency having jurisdiction over the subject matter of this agreement, the remaining terms and provisions that are not affected thereby shall remain in full force and effect.

Patient Signature: _____ ("Assignor")

Date 4 / 27 / 17